IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIHIR SHAH,

    Plaintiff,

v.

NICOLE LATESHA BORDEN,

    Defendant.

CIVIL ACTION NO.
1:15-CV-1658-TWT-LTW

### MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Defendant Nicole Latesha Borden's ("Defendant") request to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor (Docket Entry [1]), pursuant to 28 U.S.C. § 1915(a)(1). The Affidavit of Poverty indicates that Defendant is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Defendant's motion to proceed in forma pauperis is **GRANTED**. (Docket Entry [1]). For the reasons outlined below, however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Forsyth County.[1]

---

[1] Because of this Court's recommendation to remand this case, Plaintiff's Motion for Emergency Hearing (Docket Entry [2]) is **DENIED AS MOOT**.

AO 72A
(Rev.8/82)

## PROCEDURAL BACKGROUND FACTS

In April 2015, pursuant to Georgia law, Plaintiff Mahir Shaj ("Plaintiff") filed a dispossessory proceeding in the Magistrate Court of Forsyth County, State of Georgia, in an attempt to evict Defendant for failure to pay rent. (Docket Entry [1-1], p. 7). Defendant removed the matter to this Court and asserted federal defenses and counterclaims against Plaintiff in her petition for removal. Defendant appears to argue this Court has federal question jurisdiction over the matter on the grounds that her defenses and counterclaims invoke original, concurrent, and/or supplementary jurisdiction pursuant to the Fair Housing Act, 42 U.S.C. § 3631; 28 U.S.C. § 1446; 28 U.S.C. § 1334; the Bill of Rights and the Fourteenth Amendment. Defendant's defenses and counterclaims under to federal law do not give her the authority to remove this action.

## LEGAL ANALYSIS

First, 28 U.S.C. § 1441 does not provide a basis for removal in this case. Title twenty-eight, Section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question

jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted).  "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In this case, federal question jurisdiction is not present.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted).  Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored.  Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In this case, Plaintiff relied exclusively on state law when he initiated a dispossessory proceeding in the Magistrate Court of Forysth County to seek possession of Defendant's residence for failure to pay rent. (Docket Entry [1-1], p. 8).  No federal question is presented on the face of Plaintiff's Complaint.  Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state

3

court system.  See O.C.G.A. § 44-7-49, et seq.  There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption.  Caterpillar, 482 U.S. at 393.  In Defendant's Notice of Removal, she cursorily claims that Plaintiff violated the Fair Housing Act, 28 U.S.C. § 1334 (involving jurisdiction in bankruptcy cases and proceedings), the Bill of Rights, and the Fourteenth Amendment.  (Docket Entry [1-1], p. 1-3).  A federal question present in a counterclaim or a defense, however, is not a proper basis for removal of a Complaint.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 n.20 (11th Cir. 2010).

Moreover, diversity of citizenship does not provide a basis for removal in this case.  A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the parties are diverse and the $75,000 amount in controversy jurisdictional threshold is met.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990).  Defendant does not allege diversity as a basis for jurisdiction and the civil cover sheet she filed with her removal petition indicates that both Plaintiff and Defendant reside in Georgia.

Because Defendant has attempted to bring counterclaims pursuant to the Fair Housing Act, 28 U.S.C. § 1334, the Bill of Rights, and the Fourteenth Amendment, Defendant may be attempting to invoke jurisdiction pursuant to 28 U.S.C. § 1443.  Section 1443, however, does not provide Defendant with a valid basis for removal jurisdiction.  Title 28, Section 1443(1) of the United States Code allows for removal

AO 72A
(Rev.8/82)

"against any person who is denied or cannot enforce in the courts of such state a right under any law providing for the equal civil rights of citizens of the United States, or of all persons with the jurisdiction thereof." 28 U.S.C. § 1443. In order to remove under Section 1443, however, Defendant must satisfy a two pronged test. First, Defendant must show that "the right upon which [she] relies arises under a federal law providing for specific civil rights stated in terms of racial equality." Wells Fargo Bank, N.A. v. Henley, 198 F. App'x 829, 830 (11th Cir. 2006). Second, Defendant "must show that [she] has been denied or cannot enforce that right in the state courts." Cent. Mortg. Co. v. Laskos, No. 13–12400, 2014 WL 1272462, at *1 (11th Cir. Mar. 31, 2014); Henley, 198 F. App'x at 830.

    Defendant's Petition for Removal falls short of establishing her basis for removal under Section 1443. In order to satisfy the first requirement, the law invoked must provide for specific civil rights stated in terms of racial equality. Laskos, 2014 WL 1272462, at *1. Broad allegations under constitutional provisions such as the Bill of Rights or the Fourteenth Amendment cannot support a valid claim for removal under Section 1443. Laskos, 2014 WL 1272462, at *1; Taylor v. Phillips, 442 F. App'x 441, 443 (11th Cir. 2011). Defendant's petition fails to establish her entitlement to removal under the first prong because she mostly relies on rights of general application available to all persons or citizens and broad allegations of violation of constitutional provisions without including any factual detail. Taylor, 442 F. App'x at 443. Additionally, Defendant's allegations do not indicate that her civil rights were violated. Although

5

AO 72A
(Rev.8/82)

Defendant's Petition for Removal also references the Fair Housing Act, which does prohibit discrimination in housing on account of race, among other protected characteristics, it is not apparent that the right upon which Defendant relies is premised on the Fair Housing Act's prohibitions against racial discrimination in housing. Defendant does not allege that Plaintiff discriminated against her on the basis of her race, and Defendant fails to present any factual allegations that show that she suffered racial inequality. Defendant's mere invocation of the Fair Housing Act does not show that she intended to allege that Shah discriminated on her on the basis of race because the Fair Housing Act also prohibits discrimination in housing based upon handicap, sex, or religion. See, generally, 42 U.S.C. § 3631. The burden is on the party who sought removal to demonstrate that federal jurisdiction exists. Bank of New York v. Angley, No. 13-11208, 2014 WL 1259617, at *1 (11th Cir. Mar. 28, 2014). As such, the removing party's burden extends to making and supporting the arguments necessary to sustain removal. Angley, 2014 WL 125617, at *1 (because the defendant never asserted diversity jurisdiction as a basis for removal jurisdiction, the court would not exercise diversity jurisdiction over removed case); Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1017 n.4 (11th Cir. 2003) (declining to consider argument concerning diversity jurisdiction, raised for the first time in petitioner's appellate brief, because petitioner had "the burden to plead this basis in its notice of removal"); Bank of New York Mellon v. Beccan, No. 1:12-CV-01392-RWS, 2013 WL 3990753, at *3 (N.D. Ga. Aug. 1, 2013) (rejecting Section 1443 as a basis for removal of dispossessory action because defendant

6

did not provide any factual basis supporting removal under Section 1443); Alcan Inv., LLC v. C-D Jones & Co., Inc., No. 09-0492-WS-N, 2009 WL 2762828, at *7 (S.D. Ala. Aug. 27, 2009) (noting that when the defendants elected to support removal under one legal authority, they risked remand if the court disagreed that the authority provided a basis for removal and no duty devolved upon the court to conduct additional legal research or construct additional arguments on the defendant's behalf). Defendant's Petition therefore, is not sufficient to meet her burden of showing that removal under Section 1443 is authorized in this case. See, e.g., Henley, 198 F. App'x at 830-31 (rejecting removal of dispossessory action pursuant to Section 1443 because defendant's claim was not based on the denial of civil rights stated in terms of racial equality); St. James Assoc. v. Larsen, 67 F. App'x 684, 686 (3d Cir. 2003) (rejecting Section 1443 as a basis of removal for ejectment action even where the defendant alleged a violation of the Fair Housing Act because the plaintiff did not allege racial discrimination); Beccan, 2013 WL 3990753, at *3; Sky Lake Gardens No. 3, Inc. v. Robinson, No. 96-1412, 1996 WL 944145, at *5 (S.D. Fla. 1996) (rejecting Section 1443 as a basis for removal of action where defendant's Fair Housing Act counterclaim was predicated on familial status discrimination).

Additionally, while Defendant cursorily cites a bankruptcy statute, 28 U.S.C. § 1334, she does not argue she should be permitted to remove the matter under the authority of 28 U.S.C. § 1452. Moreover, this Court is not permitted to read into Defendant's Petition for Removal Section 1452 as a potential basis for jurisdiction for

7

a number of reasons. First, it does not appear that Defendant intended to remove the case pursuant to 28 U.S.C. § 1452. Under Rule 9027 of the Federal Rules of Bankruptcy Procedure, a Notice of Removal pursuant to Section 1452 must "contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy judge." Fed. R. Bankr. P. 9027(1); In re Jet Network, LLC, 457 B.R. 895, (Bankr. S.D. Fla. 2011) (noting that Bankruptcy Rule 9027 applies to removals under Section 1452). Defendant did not include such statements within her Notice of Removal. Second, to the extent that Defendant did intend to remove under Section 1452, Defendant had the burden to plead Section 1452 as a basis for removal. The burden is on the party who sought removal to demonstrate that federal jurisdiction exists. Angley, 2014 WL 1259617, at *1. As such, the removing party's burden extends to making and supporting the arguments necessary to sustain removal. Id. (because the defendant never asserted diversity jurisdiction as a basis for removal jurisdiction, the court would not exercise diversity jurisdiction over removed case); Ervast, 346 F.3d at 1017 n.4 (declining to consider argument concerning diversity jurisdiction, raised for the first time in petitioner's appellate brief, because petitioner had "the burden to plead this basis in its notice of removal"); Alcan Inv., LLC v. C-D Jones & Co., Inc., No. 09-0492-WS-N, 2009 WL 2762828, at *7 (S.D. Ala. Aug. 27, 2009) (noting that when the defendants elected to support removal under one legal

8

authority, they risked remand if the court disagreed that the authority provided a basis for removal and no duty devolved upon the court to conduct additional legal research or construct additional arguments on the defendant's behalf). Because Defendant has not asserted bankruptcy jurisdiction as a basis for removal in her Petition, the Court shall not investigate the issue on its own. Angley, 2014 WL 1259617, at *1; Edwards v. Prudential Ins. Co. of Am., 213 F. Supp. 2d 1376, 1381 & n.6 (S.D. Fla. 2002) (rejecting federal question as a basis of jurisdiction and explaining that because defendant did not raise diversity jurisdiction as a basis of jurisdiction and the Court shall not investigate it on its own), cited with approval in Ervast, 346 F.3d at 1017 n.4; see also Gavin v. AT&T Corp., 464 F.3d 634, 641 (7th Cir. 2006) (explaining that even though court had diversity jurisdiction over removed complaint, court would not consider diversity as a basis for removal jurisdiction because defendant did not plead it and therefore it was waived as a basis).

This Court also notes that on February 8, 2010, Defendant filed for a voluntary petition for bankruptcy pursuant Chapter 13 in the United States Bankruptcy Court for the Northern District of Georgia . (Bankruptcy Petition No. 10-63733, Doc. [1]). That action, however, was dismissed on to June 17, 2010. (Bankruptcy Petition No. 10-63733, Doc. [22]). Notably, the Bankruptcy Court has not entered an automatic stay of proceedings against certain collection and other actions against Defendant or Plaintiff's property. Even if the Bankruptcy Court had entered an automatic stay of proceedings in this case, the automatic stay would not prevent remand of an improvidently removed

AO 72A
(Rev.8/82)

case. Baylor v. Petrano, No. 1:12-CV-259-MP-GRJ, 2013 WL 1010754, at *3 (N.D. Fla. Feb. 22, 2013); Evans v. Anderson, No. C 09-5227 MHP, 2010 WL 118398, at *1 (N.D. Cal. Jan. 7, 2010); Cnty. of Cook v. Mellon Stuart Co., 812 F. Supp. 793, 798 n.3 (N.D. Ill. 1992) (concluding that automatic stay pursuant to 11 U.S.C. § 362(a) did not prevent remand for lack of subject matter jurisdiction where action was removed on the basis of diversity of citizenship and requirements for diversity of citizenship were not met). Because Defendant has not established a basis for removal jurisdiction, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Forsyth County.

## CONCLUSION

Based on the foregoing reasons, Defendant's application to proceed in forma pauperis is **GRANTED**. (Docket Entry [1]). Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Forsyth County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED AND REPORTED AND RECOMMENDED** this 8th day of June, 2014.

/s/ Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIHIR SHAH,

    Plaintiff,

v.

NICOLE LATESHA BORDEN,

    Defendant.

CIVIL ACTION NO.
1:15-CV-1658-TWT-LTW

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

    Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

    Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings

AO 72A
(Rev.8/82)

will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984). A party failing to object to a magistrate judge's findings or recommendations contained in the report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. Mitchell v. United States, — F. App'x —, 2015 WL 2145573, at *3 (11th Cir. May 8, 2015); 11th Cir. R. 3-1. In the absence of a proper objection, however, the appeals court may review the matter on appeal for plain error if necessary in the interest of justice. Mitchell, 2015 WL 2145573, at *3; 11th Cir. R. 3-1.

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this  8th  day of June, 2015.

/s/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)